IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00726-BNB

CHRISTOPHER HAINES,

    Applicant,

v.

WARDEN JONES, Fremont Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS

    Applicant, Christopher Haines, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Fremont Correctional Facility.  Mr. Haines has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  He challenges the validity of his conviction and sentence in Case No. 03CR114 in the Pueblo County District Court.  Mr. Haines has paid the $5.00 filing fee.

    In an order filed on May 3, 3012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  After obtaining an extension of time, Respondents submitted a pre-answer response on June 13, 2012.  Mr. Haines filed a reply on July 20, 2012.

    The Court must construe liberally the Application filed by Mr. Haines because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application as procedurally barred.

## I. Background and State Court Proceedings

On April 8, 2005, Mr. Haines was convicted by a Pueblo County District Court jury of one count of sexual assault on a child as part of a pattern of abuse. (ECF No. 13-1, at 2-3 of 29). The trial court imposed an indeterminate prison sentence of sixteen years to life with the DOC. (*Id.* at 3). His conviction and sentence were affirmed on direct appeal in *People v. Haines*, No. 05CA1589 (Colo. App. Dec. 27, 2007) (unpublished opinion) (ECF No. 13-2). Applicant filed a petition for rehearing that was denied on either April 17, 2008 or May 1, 2008. (ECF No. 13-9, at 1-2 of 2). Mr. Haines did not seek certiorari review in the Colorado Supreme Court.

Mr. Haines filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure (Crim. P.) 35(c) on June 2, 2008. (ECF No. 13-1, at 12 of 29). The motion was denied on November 19, 2008. (*Id.* at 10). The Colorado Court of Appeals affirmed the trial court's order in *People v. Haines*, No. 08CA2537 (Colo. App. May 13, 2010) (unpublished) (ECF No. 13-3). Applicant did not seek certiorari review in the Colorado Supreme Court.

Mr. Haines filed a second post-conviction motion pursuant to Crim. P. Rule 35(c) on September 2, 2010. (ECF No. 13-1, at 9 of 29). The Colorado Court of Appeals affirmed the trial court's order denying the motion in *People v. Haines*, No. 10CA2368 (Colo. App. Aug. 4, 2011) (unpublished) (ECF No. 13-4). The Colorado Supreme Court

denied Applicant's petition for certiorari review on November 28, 2011.  (ECF No. 13-19).

Mr. Haines filed a third motion for post-conviction relief pursuant to Crim. P. Rule 35(c) on December 27, 2011.  (ECF No. 13-1, at 8 of 29).  The trial court denied the motion on January 12, 2012.  (*Id.*).  Applicant did not appeal.

Mr. Haines initiated this action on March 22, 2012.  He asserts four claims in the Application: (1) the trial court violated his right to speedy trial under state law and pursuant to the federal speedy trial statute (as applicable to the state courts through the Supremacy Clause, U.S. Const. art. VI) (ECF No. 1, at 7-8 of 17); (2) his sentence is illegal because the jury interrogatory defining the "pattern of abuse" sentencing enhancer used the word "acts" erroneously where the state statute requires a finding of multiple "incidents" of sexual contact (*id.* at 9-10); (3) the sentencing court misapplied Colorado statutes by sentencing him to a indeterminate term of imprisonment, with a minimum term set in the aggravated statutory "crime of violence" range and the maximum set at life (*id.* at 9, 11); and, (4) the evidence was insufficient to support the jury's verdict because the evidence did not prove that his wife's brother touched the victim's "intimate parts," as required by COLO. REV. STAT. ("C.R.S.") § 18-3-401(4) (2011).[1]  (*Id.* at 12-14).

Respondents concede in the pre-answer response that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  (ECF No. 13, at 7-12 of 23).  Respondents contend, however, that Applicant's second and third claims raise issues of state law that are not reviewable in a federal habeas corpus proceeding.

---

[1] The statute defines the "sexual contact" in which Mr. Haines was found complicit as the knowing touching of the victim's "intimate parts." § 18-3-401(4), C.R.S. (2011).

(*Id.* at 6-7).  Respondents further argue that Mr. Haines has procedurally defaulted all of his claims.  (*Id.* at 8-9).

## II. Issues of State Law

A federal habeas court is limited to deciding whether a conviction "violat[ed] the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "'[F]ederal habeas corpus relief does not lie for errors of state law.'"  *See Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) (other internal quotations and citation omitted).

Mr. Haines asserts in his second claim that his sentence is illegal because the jury interrogatory defining the "pattern of abuse" sentencing enhancer used the word "acts" erroneously where the state statute requires a finding of multiple "incidents" of sexual contact.  This claim concerns the proper interpretation of a state statute and does not appear to invoke a federal statutory or federal constitutional right.  As such, it must be dismissed as raising solely an issue of state law not cognizable in habeas corpus.  However, even if the claim can be construed liberally as an asserted due process violation,[2] it is procedurally barred for the reasons discussed below.

In claim three, Mr. Haines alleges that the sentencing court misapplied Colorado statutes by sentencing him to an indeterminate term of imprisonment, with a minimum term set in the aggravated statutory "crime of violence" range and the maximum set at life.  Again, this claim does not invoke a federal right, but instead concerns the proper

---

[2]Mr. Haines filed a Motion to Amend Complaint in which he requests permission to amend each of his habeas claims to include "aspects of Constitutional Due Process that were completely violated by the District Court."  (ECF No. 17, at 1 of 3).

interpretation of state statutory law. As such, it is not cognizable in this federal habeas proceeding. However, even if the claim was susceptible to liberal interpretation as a federal due process violation,[3] it is procedurally barred for the reasons discussed below.

### III. Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)). A claim is precluded from federal habeas review if the claim has been defaulted in state court on an independent and adequate state procedural

---

[3] *See* n.2, *supra*.

ground, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  For the state ground to be adequate, it must be "'strictly or regularly followed'" and "applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir.1998) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)).

Mr. Haines' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F .3d 1128, 1130 (10th Cir. 1994).

**A.    Claim One**

Respondents argue that the speedy trial claim is procedurally barred because Mr. Haines did not present the claim to the Colorado Court of Appeals as a federal statutory issue.  Respondents further argue that if Mr. Haines attempted to raise the claim now in another post-conviction proceeding, it would be dismissed as successive.

In his federal Application, Mr. Haines argues that his speedy trial rights were violated "pursuant to the United States Constitution, Federal Laws, Colorado State Constitution and Laws."  (ECF No. 1, at 7 of 17).   However, in arguing that a violation of his federal Constitutional rights occurred, he references the Supremacy Clause of the Constitution, U.S. Const. art. VI, not the Sixth Amendment.  (*Id.* at 8)  Mr. Haines asserts specifically that the Supremacy Clause of the federal Constitutional dictates that

the state trial court should have applied the federal speedy trial statute, 18 U.S.C. §3161, in his case. (*Id.*).

On direct appeal, Applicant argued his right to a speedy trial under the Colorado Constitution and Colorado statute (ECF No. 13-5, at 26-28 of 38). In support of his argument, Mr. Haines relied on Colorado Supreme Court authority that discusses and applies legal standards which derive from United States Supreme Court Sixth Amendment jurisprudence. *See People v. Buggs*, 525 P.2d 421, 424 (1974) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). (*See* ECF No. 13-5, at 27 of 38). The Colorado Court of Appeals addressed the state constitutional speedy trial claim under the four *Barker* factors. (ECF No. 13-2, at 10-11 of 12). Mr. Haines did not raise, nor did the state appellate court address, a claim that his right to speedy trial was violated under federal statutory law.

In his second post-conviction proceeding, Mr. Haines made general allegations to the Colorado Court of Appeals that his speedy trial rights were violated, but did not make any specific citations to state or federal law. (ECF No. 13-15, at 21-23 of 35). The state appellate court did not address the claim in its post-conviction appeal decision. (ECF No. 13-4).

Although Mr. Haines raised a speedy trial claim before the state appellate court in both his direct appeal and state post conviction proceedings, he based it on different reasons than those expressed in his habeas application. Applicant has not properly raised before the state courts his allegations that his federal statutory right to speedy trial was violated, nor does he allege in his federal application that his Sixth Amendment

right to speedy trial was violated.[4]  "[M]ere similarity of claims is insufficient to exhaust." *Duncan*, 513 U.S. at 366.  The Court finds that Mr. Haines has failed to exhaust state remedies for the federal statutory issue raised in his first claim.  Applicant's assertion that his right to speedy trial under state law was violated does not implicate the federal habeas corpus statute.  *See* 28 U.S.C. § 2254(a); *Estelle,* 502 U.S. at 67-68.

If Mr. Haines returned to state court to file another motion for post-conviction relief, he would be procedurally barred.  The Colorado Rules of Criminal Procedure prohibit successive Crim. P. Rule 35 motions with limited exceptions that are not applicable to Mr. Haines' claim.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII) (explaining that claims "raised and resolved" or "that could have been presented" in a prior appeal or post-conviction proceeding will generally be denied); *see also People v. Thomas*, 195 P.3d 1162 (Colo. App. 2008); *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Tolbert*, 216 P.3d 1, 3 (Colo. App. 2007); *accord Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted).  The Court finds that Mr. Haines has committed an anticipatory procedural default of his first claim asserting a

---

[4]In his Motion to Amend (Doc. No. 17), Mr. Haines makes a general and conclusory assertion that the trial court violated his federal due process rights, but he does not allege a deprivation of his Sixth Amendment right to speedy trial or cite to *Barker v. Wingo.*

violation of his federal statutory right to speedy trial. *See Coleman*, 501 U.S. at 735 n.1.

Mr. Haines must therefore demonstrate cause for his procedural default and resulting prejudice or demonstrate that a fundamental miscarriage of justice will occur if the Court does not hear the merits of the claim. However, Applicant does not allege any facts in his Application or Reply brief to excuse his procedural default. As such, claim one will be dismissed as procedurally barred.

**B. Claim Two**

Mr. Haines asserts in claim two that his sentence is illegal because the jury interrogatory defining the "pattern of abuse" sentencing enhancer used the word "acts" erroneously where the state statute requires a finding of multiple "incidents" of sexual contact. Respondents argue that even if this claim presented an issue of federal law cognizable on habeas review, Applicant has committed an anticipatory procedural default because he did not present the claim to the state appellate courts and any attempt to do so now would be barred by a state procedural rule.

Mr. Haines raised his second claim before the Colorado Court of Appeals in his first state post-conviction proceeding. However, the state appellate court refused to address the claim based on the following grounds:

II. Jury Interrogatory

Defendant contends for the first time in this appeal that the jury interrogatory concerning the pattern sentence enhancer violated his right to due process because it did not follow the statutory language. We decline to address this contention because defendant did not raise this issue before the district court in his motion for postconviction relief. *See DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised

>before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion."); *People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion . . . and thus not ruled on by the trial court are not properly before this court for review.").

(ECF No. 13-3, at 6-7 of 10).

The Court finds that the state appellate court denied Applicant's claim based on a rule that is is independent of federal law and is consistently applied. *See DePineda; Goldman; see also People v. Wolfe*, 213 P.3d 1035, 1037 (Colo. App. 2009) (same).

Applicant raised the claim again in his second post-conviction proceeding. (ECF No. 13-15). The Colorado Court of Appeals refused to consider it on the following grounds: "[W]e conclude that Crim. P. 35(c)(3)(VII) bars defendant's claim because the claim could have been, but was not, raised on direct appeal. See Crim. P. 35(c)(3)(VII) (subject to exceptions neither asserted nor applicable here, court 'shall deny any claim that could have been presented in an appeal previously brought')." This rule is also independent of federal law and has been applied uniformly by the Colorado appellate courts. *See People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (same); *People v. Canody*, 166 P.3d 218, 221 (Colo. 2003) (same); *People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (same); *see also Williams v. Broaddus,* 331 F. App'x 560, 563 (10th Cir. 2009) (agreeing with Colorado Court of Appeals' application of procedural bar).

Accordingly, claim two is procedurally defaulted and will be dismissed because Mr. Haines has not alleged facts to meet the cause and prejudice standard or to show that he is actually innocent of the crime.

**C. Claim Three**

For his third claim, Mr. Haines asserts that the sentencing court misapplied Colorado statutes by sentencing him to an indeterminate term of imprisonment, with a minimum term set in the aggravated statutory "crime of violence" range and the maximum set at life. Respondents argue that even if this claim is cognizable on federal habeas review, it is procedurally barred because Mr. Haines did not exhaust state remedies and if he attempted to do so now, his claim would be barred by a state procedural rule.

Mr. Haines did not raise his third claim on direct appeal or in his state post-conviction proceedings. (*See* ECF Nos. 13-2, 13-3, and 13-4). He thus has failed to exhaust state remedies for his claim. *See Castille*, 489 U.S. at 351; *Dever*, 36 F.3d at 1534.

If Mr. Haines attempted to raise his third claim in the state trial court at this time, it would be dismissed. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII) (explaining that claims "raised and resolved" or "that could have been presented" in a prior appeal or post-conviction proceeding will generally be denied). The Court finds that Mr. Haines has committed an anticipatory procedural default of his third claim challenging the legality of his sentence. *See Coleman*, 501 U.S. at 735 n.1. Moreover, Mr. Haines fails to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a

fundamental miscarriage of justice. Claim three thus will be dismissed as procedurally barred.

**D. Claim Four**

For his fourth and final claim, Mr. Haines asserts that the evidence was insufficient to support the jury's verdict because the evidence did not prove that his wife's brother touched the victim's "intimate parts," as required by § 18-3-401(4), C.R.S. (2011).

Applicant raised this argument in his appeal of the trial court's order denying his second post-conviction motion. (ECF No. 13-15, at 10-20, of 35). The Colorado Court of Appeals concluded that the claim was "barred under Crim. P. 35(c)(3)(VII) because [Applicant] could have raised it, but did not so do on direct appeal." (ECF No. 13-4, at 6 of 6).

Because the state appellate court rejected Mr. Haines' claim on an adequate and independent procedural ground, the claim is procedurally barred. And, as discussed previously, Mr. Haines fails to show cause and prejudice to excuse his procedural default or meet the fundamental miscarriage of justice exception.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Haines files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Motion to Amend Complaint (ECF No. 17) is granted to the extent the Court has considered Applicant's conclusory assertions that his due process rights were violated by the state district court. It is

FURTHER ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is DENIED as procedurally barred and this action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Haines has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Mr. Haines may file a motion in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   10th   day of     August     , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court